IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CALVIN R. TURNER                                                    PLAINTIFF

vs.                                    Civil No. 3:11-cv-03076

MICHAEL J. ASTRUE                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Calvin R. Turner ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to

the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his disability application on September 30, 2008.  (Tr. 8).  In this

application, Plaintiff claims to be disabled due to back problems, high blood pressure, and shortness

of breath.  (Tr. 173).  Plaintiff alleges an onset date of September 30, 2008.  (Tr. 10).  This

application was denied initially and again upon reconsideration.  (Tr. 68-69).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

1

request was granted.  (Tr. 70).  Plaintiff's administrative hearing was held on January 21, 2010 in

Harrison, Arkansas.  (Tr. 31-65).  Plaintiff was present and was represented by Rick Spencer at this

hearing.  *Id.*  Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Dale Thomas testified

at this administrative hearing.  *Id.*  As of the date of this hearing, Plaintiff was fifty (50) years old,

which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d).  *Id.*

Further, Plaintiff testified he had completed the eighth grade in school.  (Tr. 35).

On August 13, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application

for SSI.  (Tr. 7-18).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial

Gainful Activity ("SGA") since September 30, 2008, his application date.  (Tr. 12, Finding 1).  The

ALJ determined Plaintiff had the following severe impairments: mild degenerative joint disease and

disc disease of the lumbar spine, mild osteoarthritis of the right knee, essential hypertension, and

asthma.  (Tr. 12-14, Finding 2).  The ALJ also determined Plaintiff's impairments did not meet or

medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P

of Regulations No. 4 ("Listings").  (Tr. 14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 14-17, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found his

claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to perform light work as defined in 20
> CFR 416.967(b) except that claimant is able to only occasionally climb ramps and
> stairs, can never climb ladders, ropes, or scaffolds, and can only occasionally balance,
> stoop, kneel, crouch and crawl.  The claimant must avoid all exposure to temperature
> extremes, concentrated exposure to fumes, odors, gases and poor ventilation, and
> must avoid working in wetness and/or high humidity.

2

*Id.*

The ALJ also evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW.  (Tr. 17, Finding 5).  The ALJ then evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy considering her age, education, work experience, and RFC.  (Tr. 17-18, Finding 9).  The ALJ heard testimony from the VE on this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative light, unskilled work as a bench assembler with 300,000 such jobs nationally and 6,300 such jobs regionally; laundry worker with 280,000 such jobs nationally and 2,500 such jobs regionally; and meat cutter with 44,000 such jobs nationally and 5,000 such jobs regionally.  (Tr. 16).  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from his application date of September 30, 2008 through the date of the ALJ's decision or through August 13, 2010.  (Tr. 18, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 5-6).  On July 12, 2011, the Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On September 7, 2011, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on January 30, 2012.  ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 8, 10.  This case is now ready for decision.

## 2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

4

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ's RFC determination is not supported by substantial evidence in the record; (2) the ALJ's credibility determination is not supported by substantial evidence in the record and is in violation of *Polaski*; and (3) the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 8 at 8-14.  Because this Court agrees with Plaintiff's second argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly evaluated his subjective complaints, this Court will only address the second issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

_____

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with *Polaski*.  (Tr. 14-17).  Instead of evaluating the *Polaski* factors and noting inconsistencies in the record, the ALJ instead focused upon Plaintiff's the medical records and stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity,

persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 15).  The ALJ also focused on Plaintiff's medical records later in his opinion and stated the following regarding those medical records: "The undersigned further notes that there is no objective medical evidence of record which shows that the claimant has more severe physical limitations than those found above."  (Tr. 17).

Indeed, in addition to considering Plaintiff's medical records, the only fact that the ALJ focused upon was that Plaintiff was able to "cut wood with a neighbor."  *Id.*  Upon review of the transcript in this case, it appears Plaintiff's neighbor did testify he and Plaintiff "cut a little firewood together."  (Tr. 57).  There is no indication, however, as to how long Plaintiff was able to cut firewood or how extensive this activity was.  The ALJ did not ask any follow-up questions on this issue.  (Tr. 56-59).  Thus, this finding is not a sufficient basis for discounting Plaintiff's subjective complaints.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of August 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.